NOT RECOMMENDED FOR PUBLICATION
File Name: 18a0446n.06
No. 18-3280

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Aug 28, 2018
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| VERNON CANNON, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| CROWN CORK & SEAL CO., INC., | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

BEFORE:      SILER, MOORE, and ROGERS, Circuit Judges

ROGERS, Circuit Judge.   The Crown Cork & Seal Company denied Vernon Cannon's application for disability retirement benefits because Cannon had applied for these benefits after the relevant deadline had passed.  Instead of following the required administrative process to contest this denial, Cannon filed this civil suit, which the district court below dismissed for Cannon's failure to exhaust his administrative remedies.  In this appeal, Cannon argues that pursuing such remedies would have been futile and—for the first time on appeal, and somewhat in contradiction of his first argument—that the company's subsequent decision to provide benefits to him constitutes waiver of the requirement.  Neither of these arguments has any merit.  Cannon also contends that the district court erred in dismissing a RICO fraud claim brought by Cannon, but the district court correctly dismissed this claim for Cannon's failure to plead any fraud.

Vernon Cannon was employed by Crown Cork & Seal, a company sponsoring a disability retirement plan regulated by ERISA. To be eligible for disability retirement benefits, the plan required employees to apply before their "Severance of Service Date," which the plan defined as: "[t]he date which is the earlier of: (1) the date you quit, retire, are discharged, or die; or (2) the later of (i) the first anniversary of your absence for any other reason, or (ii) the date all wage continuation benefits or short term disability benefits end." Cannon's last day of active employment with the company was March 23, 2012; Cannon did not show up for work after this date. On May 7, 2015, Cannon applied for disability retirement benefits, but the benefits administrator denied him those benefits because she determined that Cannon was required to have applied for these benefits by March 23, 2013, the first anniversary of Cannon's absence. The benefits administrator explained that Cannon "ha[d] the right to appeal this decision within 60 days of the date you receive this denial," and explained the procedures for filing an appeal.

Cannon did not follow up on this denial by pursuing any administrative remedies within the company, but instead filed this civil suit, contending that the company had misinterpreted the "Severance of Service Date" definition when it required Cannon to have applied for benefits by March 23, 2013. Cannon also argued that the company had committed a RICO civil fraud violation in sending him (and, Cannon speculated, other employees) a letter stating that employees were required to submit an application for disability benefits within one year of ceasing to be actively employed by the company. The company moved for dismissal and the district court granted that motion on the grounds that ERISA required Cannon to exhaust his administrative remedies before filing a civil suit, *see Miller v. Metro. Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir. 1991), and that Cannon's alleged RICO claim had not pleaded any fraud.

Cannon now appeals, arguing first that the district court erred in not excusing his failure to exhaust administrative remedies on grounds of futility, but the district court was correct in determining that this exception did not apply here. Cannon's only reason for why an administrative appeal would have been futile is the fact that the company's frontline benefits administrator had determined that Cannon was required to apply for benefits before March 23, 2013. This is clearly not enough to show that any appeal of that decision would have been pointless, in the sense that the outcome would be predetermined without regard to any argument that Cannon might offer. To establish futility, "[a] plaintiff must show that 'it is certain that his claim will be denied on appeal, not merely that he doubts that an appeal will result in a different decision.'" *Coomer v. Bethesda Hosp., Inc.*, 370 F.3d 499, 505 (6th Cir. 2004) (quoting *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 419 (6th Cir. 1998)). Cannon offers no reason to believe that the internal appeals process would not have reached a fair and proper outcome had he offered any factual or legal objection to the benefits administrator's decision. This is enough to say that the futility exception to the exhaustion requirement was not available to Cannon here.

Cannon also contends that the company's decision—subsequent to the filing of this case—to allow Cannon to submit a tardy application, and ultimately to award him benefits, constitutes a waiver of the exhaustion requirement with respect to this case, but Cannon's argument is without merit. Waiver requires a party's "intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). Here, the company had the legal right to defend the benefits administrator's initial denial of benefits on the ground that Cannon had not exhausted the administrative process. Its separate decision to allow Cannon another shot at an application was not a relinquishment of that first right, much less a clear and intentional relinquishment. Cannon offers neither authority nor argument to

prove that a subsequent decision to allow an application for benefits has anything to do with the factual question of whether a previous application for benefits completed the necessary prerequisites to allow judicial review. Such an outcome would not make sense, in light of the strong and numerous justifications underlying the exhaustion requirement. *See Costantino v. TRW, Inc.*, 13 F.3d 969, 975 (6th Cir. 1994). Moreover, the company's ultimate grant of benefits indeed shows the particular weakness of Cannon's argument that exhaustion would have been futile.

Cannon finally asserts that the district court erred in dismissing his RICO fraud claim. For the reasons given by the district court, which need not be repeated here, that dismissal was entirely appropriate. *See Cannon v. Crown Cork & Seal Co., Inc.*, No. 17-CV-0003, 2018 WL 1393290, at *3–4 (N.D. Ohio Mar. 19, 2018).

We AFFIRM the judgment of the district court.